NIV V. DAVIDOVICH, ESQ. (State Bar No. 247328)
CHARLIE Z. STEIN, ESQ. (State Bar No. 265361)
**DAVIDOVICH KAUFMAN LEGAL GROUP, APA**
6442 Coldwater Canyon Avenue, Suite 209
North Hollywood, California 91606
Telephone:   (818) 661-2420
Facsimile:   (818) 301-5131
E-Mail:   Niv@DavKauf.com
         Charlie@DavKauf.com

Attorneys for Secured Judgment Creditor JOE KLEIN

FILED & ENTERED

SEP 11 2019

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>    BEN B. SAFYARI,<br><br>    Debtor and Debtor-in-Possession. | **CASE NO. 2:18-BK-18712-RK**<br><br>**CHAPTER 11**<br><br>**ORDER DENYING MOTION TO VACATE/ALTER ORDER GRANTING CREDITOR JOE KLEIN'S MOTION TO DISMISS BANKRUPTCY CASE AND DISMISSING CASE WITH 180-DAY BAR TO DEBTOR FILING A NEW BANKRUPTCY CASE AND CONCURRENTLY ISSUED MEMORANDUM DECISION ON MOTION OF CREDITOR JOE KLEIN TO DISMISS BANKRUPTCY CASE**<br><br>**DATE:**    September 4, 2019<br>**TIME:**    11:00 a.m.<br>**CTRM:**    1675<br><br>*[Honorable Robert N. Kwan, Judge Presiding]* |

//

//

//

-1-

AUFMAN LEGAL GROUP, APA
Coldwater Canyon Avenue, Suite 200
orth Hollywood, California 91606
(818) 661-2420

**TO ALL PARTIES AND TO THEIR ATTORNEY(S) OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that on September 4, 2019, a hearing was held in Courtroom 1675 of the above-entitled Court in the Edward R. Roybal Federal Building and US Courthouse located at 255 East Temple Street – Los Angeles, California 90012, the Honorable Robert N. Kwan, Judge Presiding, on Movant BEN SAFYARI's ("Debtor" or "Safyari") Motion to Vacate/Alter "Order Granting Creditor Joe Klein's Motion to Dismiss Bankruptcy Case and Dismissing Case with 180-Day Bar to Debtor Filing a New Bankruptcy Case" and concurrently issued "Memorandum Decision on Motion of Creditor Joe Klein to Dismiss Bankruptcy Case" (the "Motion"),

Movant, Ben B. Safyari, was represented by his counsel Raymond H. Aver of the Law Offices of Raymond H. Aver. Secured Creditor, Joe Klein, was represented by his counsel Davidovich Kaufman Legal Group, APA and its attorneys Edmund J. Sherman and Niv V. Davidovich.

The Court has considered the Motion, the Opposition filed thereto, and the Evidentiary Objections filed to the Declarations of Raymond H. Aver, Ben B. Safyari, Zahera Safyari, and Glen N. Newman, M.D. Prior to the hearing, the Court issued its Tentative Ruling to deny the Motion. After hearing and oral argument of the parties, the Court adopts its Tentative Ruling.

The Court orders Secured Judgment Creditor, Joe Klein, to prepare the Order and attach a copy of the Tentative Ruling (a true and correct copy of which is attached hereto as Attachment "A"), as its final ruling, and for the reasons set forth therein, and for the reasons stated on the recored at the September 4, 2019 hearing,

**IT IS HEREBY ORDERED** that the Motion is denied.

###

Date: September 11, 2019

_____
Robert Kwan
United States Bankruptcy Judge

# ATTACHMENT "A"

Deny debtor's motion to vacate or alter final order dismissing case for the reasons stated in the opposition of creditor Joe Klein.  Federal Rule of Bankruptcy Procedure 9023 makes applicable Federal Rule of Civil Procedure 59 in cases under the Bankruptcy Code, 11 U.S.C.  The grounds for motions to alter or amend judgment under Federal Rule of Civil Procedure 59(e) are shown if movant demonstrates one of the following: (1) there is newly discovered evidence that could not have been discovered previously; (2) the court committed clear error or its initial decision is manifestly unjust; or (3) there is an intervening change in the controlling law.  3 Jones, Rosen, Wegner and Jones, *Rutter Group Practice Guide: Federal Civil Trials and Evidence*, ¶ 20-300 at 20-59 (2018) (citing, inter alia, Allstate Insurance Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011)) (citation omitted).  As the Ninth Circuit stated in Allstate Insurance Co. v. Herron, "amending a judgment after its entry remains 'an extraordinary remedy which should be used sparingly.'"  634 F.3d at 1111.  The moving papers fail to demonstrate any of these grounds.  In particular, the moving papers do not show clear error by the court in its findings of fact, nor do they show error in its conclusions of law.  Debtor made material omissions of income on his bankruptcy schedules and documents including his monthly operating reports which indicate that the petition and case were filed in bad faith.  The moving papers do not articulate a proper basis for relief under Federal Rule of Bankruptcy Procedure 9024 and Federal Rule of Civil Procedure 60.  Debtor's remedy if he feels that the court's judgment was erroneous is to take an appeal.  Appearances are required on 9/4/19, but counsel may appear by telephone.

KAUFMAN LEGAL GROUP, APA
Coldwater Canyon Avenue, Suite 209
North Hollywood, California 91606
(818) 661-2420